# EXHIBIT A

1   ABRAHAM MATHEW, SBN 181110
    abraham@mathewandgeorge.com
2   JACOB GEORGE, SBN 213612
    jacob@mathewandgeorge.com
3   SANG J PARK, SBN 232956
    sang@mathewandgeorge.com
4   MATHEW & GEORGE
    500 South Grand Avenue, Suite 1490
5   Los Angeles, California 90071
    Telephone:   (310) 478-4349
6   Fax:         (310) 478-9580

7   Attorneys for Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 20 2016

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

11   NESTOR ABUNDIZ,                    Case No.:   BC 6 2 7 7 5 4

12          Plaintiff,
                                        COMPLAINT
13
            vs.                         (1)  Violation of California Labor Code §§
14                                           510, 1194 and 1198 (Unpaid Overtime);
     MALCA-AMIT ARMORED, INC., a New    (2)  Violation of California Labor Code
15   York company; and DOES 1 through 10,    §§ 226.7 and 512(a) (Unpaid Meal
                                             Period Premiums);
16          Defendants.                 (3)  Violation of California Labor Code
                                             § 226.7 (Unpaid Rest Period Premiums);
17                                      (4)  Violation of Labor Code §§ 201 and 202
                                             (Wages Not Timely Paid Upon
18                                           Termination);
                                        (5)  Violation of California Labor Code §
19                                           226(a) (Non-compliant Wage
                                             Statements);
20                                      (6)  Violation of California Labor Code §§
                                             1194, 1194.2, 1197 and Minimum Wage
21                                           Order (Failure to Pay Minimum Wage);
                                        (7)  Wrongful Termination in Violation of
22                                           FEHA;
                                        (8)  Wrongful Termination in Violation of
23                                           Public Policy;
                                        (9)  Retaliation in Violation of FEHA;
24                                      (10) Disability Discrimination;
                                        (11) Failure to Accommodate;
25                                      (12) Failure to Engage in the Interactive
                                             Process
26
                                        DEMAND FOR JURY TRIAL
27

28

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

COMPLAINT

## JURISDICTION AND VENUE

1.     Jurisdiction is proper in this Court by virtue of the California statutes, decisional law and regulations, and the local rules under the Los Angeles County Superior Court Rules.

2.     Venue in this Court is proper in that Defendant Malca-Amit Armored, Inc. has a principal place of business in Los Angeles, California.

## PARTIES

3.     Plaintiff Nestor Abundiz is a resident of Los Angeles County.

4.     Defendant Malca-Amit Armored, Inc. is a New York company doing business in Los Angeles County.  Defendant is in the business of transporting valuable goods and commodities for companies and individuals.

5.     Plaintiff is informed and believes and alleges that each of the Defendants herein were at all times the agent, employee, or representative of each remaining Defendant and were at all times herein acting within the scope and purpose of said agency and employment. Plaintiff further alleges that as to each Defendant, whether named or referred to as a fictitious name, said Defendant supervised, ratified, controlled, adopted, directed, substantially participated in, and/or approved the acts, errors, or omissions, of each remaining Defendant.

6.     The true names and capacities of the Defendants named herein as DOES 1 through 10, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names.  Plaintiff will request leave of court to amend this Complaint to allege their true names and capacities at such time as they are ascertained.

7.     Defendant Malca-Amit Armored, Inc. and DOES 1 through 10 are collectively referred to as "Defendants."

///
///
///

Page 1
COMPLAINT

## FACTUAL ALLEGATIONS

8.     Defendants employed Plaintiff Nestor Abundiz as a "Dispatcher" at its Los Angeles location from October 2013 to February 12, 2016.  Plaintiff last earned $16.65 an hour.

9.     As a "Dispatcher," Plaintiff handled the logistics of Defendant's business: he arranged for pickup and delivery of clients' valuables; prepared pickup and delivery routes for Defendant's security guards; fielded calls from the security guards; and guided the security guards around and away from various problems that arose during the pickups and deliveries.

### Defendants failed to pay Plaintiff all of his earned wages

10.     Defendants deployed two "crews" of security guards—one group that worked a 9 am to 6 pm shift ("Day Shift"), and a second group that worked a 6 pm to 2 am shift ("Night Shift").  Although Plaintiff was scheduled to work the 9 am to 6 pm shift, Defendants required Plaintiff to assist the Night Shift as needed "off the clock."  As a result, Plaintiff worked 10 to 12 hour shifts.  Yet Defendants strictly adhered to an eight-hour day and refused to pay Plaintiff for his off the clock work at the appropriate overtime rate.

11.     Defendants required Plaintiff to carry the company cell phone at all times.  Defendants required Plaintiff to field constant work calls and emails after clocking out from his shift.  Plaintiff received calls and emails from Defendant well after his shift's end—sometimes as late as 2 am.

12.     In addition Plaintiff's Supervisor, Eli Cohen, required Plaintiff to run various errands for Defendants at night and on the weekends—all "off the clock."  For example, in late 2014 and early 2015, Defendants remodeled their offices.  Defendants required Plaintiff to shuttle Cohen to and from various suppliers to purchase office furniture and other items needed for Defendants' remodeling project—all "off the clock."

13.     Defendants also required Plaintiff to pick up company supplies, furniture, carpeting and other materials for use in Defendants' office remodeling.  Defendants required Plaintiff to use his own vehicle to pick up and deliver the goods while off the clock.

14.     Defendants knew Plaintiff was working "off the clock" because Defendants required Plaintiff to do it.  Yet Defendants failed to pay Plaintiff all of his earned wages,

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1450
LOS ANGELES, CALIFORNIA 90071

1   including overtime pay.  Instead, and in response to Plaintiff's complaints, Defendants

2   repeatedly told Plaintiff to "be patient" because "a big raise was coming."

3               **Defendants failed to provide Plaintiff with meal periods and rest breaks**

4          15.    Plaintiff was not authorized or permitted lawful meal periods, and was not

5   provided with one hour's wages in lieu thereof in violation of, among others, Labor Code §§

6   226.7, 512, and applicable IWC Wage Orders.  Defendants failed to schedule or provide meal

7   periods; and, required Plaintiff to work through his meal and rest periods.

8          16.    Defendants also failed to record Plaintiff's meal periods as required by Labor

9   Code § 1198 and California Code of Regulations, Title 8, section 11090 (IWC Wage Order).

10         17.    Plaintiff was not authorized or permitted lawful rest breaks, and was not provided

11  with one hour's wages in lieu thereof in violation of, among others, Labor Code § 226.7 and

12  applicable IWC Wage Orders.

13         18.    Defendants required Plaintiff to be available at all times during his shifts.

14  Defendants required Plaintiff to work 10 to 12 hour shifts without meal periods or rest breaks.

15               **Defendants terminated Plaintiff in retaliation for his disability**

16         19.    In mid-December 2015 Plaintiff went out on a protected medical leave due to his

17  disability.  Plaintiff developed a severe lung-infection and re-aggravated his injured left hand.

18  In 2011 Plaintiff broke his left hand, and Plaintiff's doctors now recommended surgery.  Further

19  Plaintiff suffered from severe anxiety and depression.

20         20.    Hence Plaintiff's medical leave was continued from December 29, 2015 to

21  January 8, 2016, then to January 15, 2016, and finally to February 8, 2015.

22         21.    In or about January 15, 2016 Plaintiff underwent surgery for his hand.  Plaintiff

23  needed time recover and heal from the surgery.  Plaintiff was also referred to a therapist for

24  treatment of anxiety and depression.

25         22.    On February 8, 2016 Plaintiff notified Defendants' HR Managers, Fabiola Flores

26  and Aprille Wiggins, that he has been under the surgeons care, and he will be on disability until

27  April 18, 2016.  Two days later, on February 11, 2016, Defendants terminated Plaintiff during

28  his protected medical leave.

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

23. Defendants failed to timely pay Plaintiff all wages owed to him upon termination. The final paycheck did not include all wages owed to Plaintiff, including his overtime pay.

24. Prior to filing this Complaint, Plaintiff fulfilled any legal requirement or exhausted any administrative remedy imposed on him by having filed the substance of claims alleged herein with the California Department of Fair Employment and Housing ("DFEH"), and has received Right to Sue Letters from the DFEH. Plaintiff has therefore substantially complied with all requirements for the filing of this Complaint and has exhausted his administrative remedies prior to filing, commencing, and serving the within action.

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510, 1194 and 1198—Unpaid Overtime
### (Plaintiff against all Defendants)

25. Plaintiff incorporates all paragraphs above as though fully set forth herein.

26. California Labor Code § 510 provides that employees in California shall not be employed more than eight hours in any workday or 40 hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

27. California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission ("IWC") is unlawful. The governing Wage Order of the IWC requires, among other things, payment of a premium wage rate for all hours worked in excess of eight hours per day or 40 hours per week.

28. During the course of Plaintiff's employment, Defendants failed to compensate Plaintiff for all overtime hours worked in excess of eight hours per day and/or 40 hours per week as required by Labor Code §§ 510 and 1194.

29. At all times relevant hereto, Defendants failed to pay Plaintiff overtime compensation for the hours he worked in excess of the maximum hours permitted by California

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

1  Labor Code §§ 510 and 1198. As detailed above, Plaintiff was regularly required to work

2  overtime hours without receiving overtime pay.

3        30.     By virtue of Defendants' unlawful failure to pay additional, premium rate

4  compensation to Plaintiff for his overtime hours worked, Plaintiff has suffered, and will

5  continue to suffer, damages in amounts which are presently unknown to him but which exceed

6  the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

7        31.     Plaintiff requests recovery of overtime compensation according to proof, interest,

8  attorney's fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment

9  of any statutory penalties against Defendants, in a sum as provided by the California Labor

10  Code and/or other statutes. Further Plaintiff is entitled to seek and recover reasonable attorneys'

11  fees and costs pursuant to California Labor Code § 1194.

12  **SECOND CAUSE OF ACTION**

13  **Violation of California Labor Code §§ 226.7 and 512(a)—Unpaid Meal Period Premiums**

14  **(Plaintiff against all Defendants)**

15        32.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

16        33.     The applicable IWC Wage Order and California Labor Code §§ 226.7 and 512(a)

17  were applicable to Plaintiff's employment by Defendants.

18        34.     California Labor Code § 226.7 provides that no employer shall require an

19  employee to work during any meal period mandated by a Wage Order of the IWC.

20        35.     The applicable IWC Wage Order and California Labor Code § 512(a) provide

21  that an employer may not require, cause or permit an employee to work for a period of more

22  than five (5) hours per day without providing the employee with an uninterrupted meal period of

23  not less than thirty (30) minutes, except that if the total work period per day of the employee is

24  not more than six (6) hours, the meal period may be waived by mutual consent of both the

25  employer and the employee.

26        36.     Plaintiff was required to work for periods longer than five (5) hours without an

27  uninterrupted meal period of not less than thirty minutes. Plaintiff was not authorized or

28  permitted lawful meal periods, and was not provided with one hour's wages in lieu thereof in

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

Page 5
COMPLAINT

1   violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Orders.

2       37.    Defendants willfully required Plaintiff to work during meal periods and failed to

3   compensate Plaintiff for work performed during meal periods.

4       38.    Defendants failed to pay Plaintiff the full meal period premium due pursuant to

5   California Labor Code § 226.7.

6       39.    Defendants' conduct violates the applicable IWC Wage Orders and California

7   Labor Code §§ 226.7 and 512(a).

8       40.    Pursuant to the applicable IWC Wage Order and Labor Code § 226.7(b), Plaintiff

9   is entitled to recover from Defendants one additional hour of pay at the employee's regular

10  hourly rate of compensation for each work day that the meal period was not provided.

11                          **THIRD CAUSE OF ACTION**

12      **Violation of California Labor Code § 226.7—Unpaid Rest Period Premiums**

13                          **(Plaintiff against all Defendants)**

14      41.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

15      42.    The applicable IWC Wage Order and California Labor Code § 226.7 were

16  applicable to Plaintiff's employment by Defendants.

17      43.    California Labor Code § 226.7 provides that no employer shall require an

18  employee to work during any rest period mandated by an applicable Order of the IWC.

19      44.    The applicable IWC Wage Order provides that "[e]very employer shall authorize

20  and permit all employees to take rest periods, which insofar as practicable shall be in the middle

21  of each work period" and that the "rest period time shall be based on the total hours worked

22  daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof"

23  unless the total daily work time is less than three and one-half (3½) hours.

24      45.    Defendants required Plaintiff to work four (4) or more hours without authorizing

25  or permitting a ten (10) minute rest period per each four (4) hour period worked.

26      46.    Defendants willfully required Plaintiff to work during rest periods and failed to

27  compensate Plaintiff for work performed during rest periods.

28      47.    Defendants failed to pay Plaintiff the full rest period premium due pursuant to

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1450
LOS ANGELES, CALIFORNIA 90071

COMPLAINT

1    California Labor Code § 226.7.

2         48.    Defendants' conduct violates the applicable IWC Wage Orders and California

3    Labor Code § 226.7.

4         49.    Pursuant to the applicable IWC Wage Order and California Labor Code §

5    226.7(b), Plaintiff is entitled to recover from Defendants one additional hour of pay at the

6    employee's regular hourly rate for each work day that the rest period was not provided.

7    

**FOURTH CAUSE OF ACTION**

8    **Violation of California Labor Code §§ 201 and 202—**

9    **Wages Not Timely Paid Upon Termination**

10   **(Plaintiff against all Defendants)**

11        50.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

12        51.    At all times herein set forth, California Labor Code §§ 201 and 202 provide that

13   if an employer discharges an employee, the wages earned and unpaid at the time of discharge

14   are due and payable immediately, and that if an employee voluntarily leaves his or her

15   employment, his or her wages shall become due and payable not later than 72 hours thereafter,

16   unless the employee has given 72 hours previous notice of his or her intention to quit, in which

17   case the employee is entitled to his or her wages at the time of quitting.

18        52.    During the relevant time period, Defendants willfully failed to pay Plaintiff his

19   wages, earned and unpaid, at the time of his discharge.

20        53.    Plaintiff's final paycheck did not include all wages owed to Plaintiff.

21        54.    Defendants' failure to pay Plaintiff his wages earned and unpaid at the time of

22   discharge is in violation of California Labor Code §§ 201 and 202.

23        55.    California Labor Code § 203 provides that if an employer willfully fails to pay

24   wages owed, in accordance with sections 201 and 202, then the wages of the employee shall

25   continue as a penalty from the due date, and at the same rate until paid or until an action is

26   commenced; but the wages shall not continue for more than 30 days.

27        56.    Plaintiff is entitled to recover from Defendants his additionally accruing wages

28   for each day he was not paid, at his regular hourly rate of pay, up to 30 days maximum pursuant

Page 7

COMPLAINT

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

1    to California Labor Code § 203.

2    <u>**FIFTH CAUSE OF ACTION**</u>

3    **Violation of California Labor Code § 226(a)—Non-compliant Wage Statements**

4    **(Plaintiff against all Defendants)**

5    57.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

6    58.    At all material times set forth herein, California Labor Code § 226(a) provides

7 that every employer shall furnish each of his or her employees an accurate itemized wage

8 statement in writing showing nine pieces of information, including: (1) gross wages earned, (2)

9 total hours worked by the employee, (3) the number of piece-rate units earned and any

10 applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided

11 that all deductions made on written orders of the employee may be aggregated and shown as one

12 item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid,

13 (7) the name of the employee and the last four digits of his or her social security number or an

14 employee identification number other than a social security number, (8) the name and address of

15 the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay

16 period and the corresponding number of hours worked at each hourly rate by the employee.

17    59.    Defendants have intentionally and willfully failed to provide employees with

18 complete and accurate wage statements.  The deficiencies include, among other things, the

19 failure to correctly identify the total hours worked and the gross wages earned by Plaintiff; and

20 the overtime hours worked by Plaintiff.

21    60.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff

22 has suffered injury and damage to his statutorily-protected rights.

23    61.    Specifically Plaintiff has been injured by Defendants' intentional violation of

24 California Labor Code § 226(a) because he was denied both his legal right to receive, and his

25 protected interest in receiving, accurate, itemized wage statements under Labor Code § 226(a).

26    62.    Plaintiff was also injured as a result of having to bring this action to attempt to

27 obtain correct wage information following Defendants' refusal to comply with many of the

28 mandates of California's Labor Code and related laws and regulations.

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

63.    Plaintiff is entitled to recover from Defendants the greater of his actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars.

64.    Plaintiff is also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g).

## SIXTH CAUSE OF ACTION

### Violation of California Labor Code §§ 1194, 1194.2, 1197 and Minimum Wage Order—

### Failure to Pay Minimum Wage

### (Plaintiff against all Defendants)

65.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

66.    California Labor Code § 1197 provides, "the minimum wage for employee fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."

67.    Defendants paid Plaintiff less than minimum wages when it required him to work during meal periods and rest breaks; and when it failed to pay him proper compensation for all hours worked, including time worked during his missed and/or interrupted meal and/or rest periods, time worked "off the clock" after Plaintiff clocked out from work and time worked nights and weekends on Plaintiff's days off.

68.    Defendants have knowingly and willfully refused to compensate Plaintiff for all wages earned, and all hours worked, at the required minimum wage.  As a direct result Plaintiff has suffered, and continues to suffer, substantial losses related to the use and enjoyment of such compensation and wages; lost interest on such monies and expenses; and attorney's fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial.

69.    In relevant part, California Labor Code § 1194 et seq. provides that any employee receiving less than minimum wage applicable to the employee is entitled to recover in a civil action the unpaid balance of the amount of this minimum wage, including interest thereon, reasonable attorney's fees, and cost of suit, which Plaintiff seeks.

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

70.    Pursuant to California Labor Code § 1194.2, liquidated damages are available to employees who file an action under Labor Code §1194, which Plaintiff seeks.

### SEVENTH CAUSE OF ACTION

#### Wrongful Termination in Violation of FEHA

#### (Plaintiff against all Defendants)

71.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

72.    At all times mentioned herein, California Government Code §§ 12940 et seq. were in full force and effect and were binding on Defendants, as Defendants regularly employed five (5) or more persons.  California Government Code §§ 12940 et seq. provides that it is unlawful for an employer to discharge a person from employment or discriminate against them in compensation or as to the terms, conditions or privileges of employment based on a prohibited employment practice as stated in California Government Code §§ 12940 (a)-(o).

73.    Defendants terminated Plaintiff because of his medical condition, disabilities, and protected medical leave; and in doing so, violated California Government Code §§ 12940 et seq. (FEHA).

74.    The conduct described herein was an ongoing part of a continuing scheme and course of conduct.  Defendants knew the substance of the above-described facts and circumstances and ratified the wrongs and injuries mentioned herein when it was in their ability to prevent, remedy and/or correct these wrongs.  Defendants continued to ratify and refused to remedy or correct the aforementioned conduct, notwithstanding the fact that its officials, supervisors and/or managing agents knew or reasonably should have known, and know or reasonably should know, of the conduct and its unlawful motivations.

75.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

76.     As a proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

77.     As a proximate result of Defendants' wrongful acts, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

78.     The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious and inexcusable manner and in conscious disregard for the rights of Plaintiff.  Plaintiff's termination was wrongful and justifies the imposition of punitive damages because the termination was against public policy.  In terminating Plaintiff because of his disabilities and protected activity, Defendants acted maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff.  Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

## EIGHTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (Plaintiff against all Defendants)

79.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

80.     At all times mentioned herein, the public policy of the State of California, as codified, expressed and mandated in California Government Code §§ 12940 et seq., is to prohibit employers from discriminating, harassing and retaliating against any individual on the basis of disability.  This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.  Accordingly Defendants' actions in terminating Plaintiff based on his medical condition and disabilities were wrongful and in contravention of the express public policy of the State of California, namely the

1   policy set forth in California Government Code §§ 12940 et seq. and the laws and regulations

2   promulgated thereunder.

3       81.    Plaintiff performed competently and capably during his employment with

4   Defendants.  Nevertheless Plaintiff was wrongfully terminated by Defendants because of his

5   protected activity detailed above.

6       82.    Defendants' above described conduct is in violation of various statutes and the

7   decisional law of this state and country, including but not limited to California Government

8   Code §§ 12940 et seq.

9       83.    As a direct and legal result of Defendants' retaliatory actions against Plaintiff,

10  Plaintiff has suffered and continues to suffer general, consequential and special damages

11  including but not limited to substantial losses in earnings, other employment benefits, physical

12  injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical

13  expenses, and attorneys' fees, all to his damage in an amount according to proof.

14      84.    Said termination was wrongful and justifies the imposition of punitive damages

15  since the termination was against public policy.  Defendants intentionally discriminated against

16  Plaintiff on account of his disability and protected activity, and in doing so, Defendants acted

17  maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff. .

18  Based on the foregoing, Plaintiff is entitled to recover punitive damages from Defendants in an

19  amount according to proof.

20                      **NINTH CAUSE OF ACTION**

21                  **Retaliation in Violation of FEHA**

22                  **(Plaintiff against all Defendants)**

23      85.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

24      86.    Defendants violated FEHA by, inter alia, discriminating against Plaintiff for his

25  medical conditions, treatments and disabilities; and after he went on disability due to his

26  medical conditions.

27      87.    Defendants also violated FEHA by retaliating against Plaintiff for taking

28  disability leave by terminating him.

COMPLAINT

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

88.     The conduct described herein was an ongoing part of a continuing scheme and course of conduct.  Defendants knew the substance of the above-described facts and circumstances and ratified the wrongs and injuries mentioned herein when it was in their ability to prevent, remedy and/or correct these wrongs.  Defendants continued to ratify and refused to remedy or correct the aforementioned conduct, notwithstanding the fact that its officials, supervisors and/or managing agents knew or reasonably should have known, and know or reasonably should know, of the conduct and its unlawful motivations.

89.     As a proximate result of Defendants' wrongful acts, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

90.     As a proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

91.     As a proximate result of Defendants' wrongful acts, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

92.     Defendants' outrageous conduct was fraudulent, malicious, oppressive, and done in wanton disregard for the rights of Plaintiff and the rights and duties owed by Defendants to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should therefore be awarded exemplary and punitive damages against each Defendant in the amount to be established that is appropriate to punish each Defendant.

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

93.     As a result of Defendants' wrongful termination, Plaintiff has suffered and continues to suffer damages, in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

## TENTH CAUSE OF ACTION

### Disability Discrimination

### (Plaintiff against all Defendants)

94.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

95.     The Fair Employment and Housing Act ("FEHA") prohibits discrimination against an employee because of his or her actual and/or perceived disabilities.

96.     At all relevant times, Plaintiff was a person with an actual and/or perceived disability within the meaning of FEHA.

97.     Defendants discriminated against Plaintiff because of his actual and/or perceived disabilities by, among other things:

    a.     Retaliating against Plaintiff because of his actual and/or perceived disabilities;

    b.     Excluding Plaintiff from his job because of his actual and/or perceived disabilities; and

    c.     Terminating Plaintiff's employment because of his actual and/or perceived disabilities.

98.     Defendants knew the substance of the above-described facts and circumstances and ratified the wrongs and injuries mentioned herein when it was in their ability to prevent, remedy and/or correct these wrongs. Defendants continued to ratify and refused to remedy or correct the aforementioned conduct, notwithstanding the fact that its officials, supervisors and/or managing agents knew or reasonably should have known, and know or reasonably should know, of the conduct and its unlawful motivations.

99.     As a proximate result of Defendants' wrongful acts, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to

COMPLAINT

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

1   his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims

2   such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other

3   provision of law providing for prejudgment interest.

4       100.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered and

5   continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well

6   as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon

7   alleges that he will continue to experience said physical and emotional suffering for a period in

8   the future not presently ascertainable, all in an amount subject to proof at the time of trial.

9       101.    As a proximate result of Defendants' wrongful acts, Plaintiff has been forced to

10  hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to

11  incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys'

12  fees and costs under California Government Code § 12965(b).

13      102.    Defendants' outrageous conduct was fraudulent, malicious, oppressive, and done

14  in wanton disregard for the rights of Plaintiff and the rights and duties owed by Defendant to

15  Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired

16  to engage in the wrongful conduct alleged above. Plaintiff should therefore be awarded

17  exemplary and punitive damages against each Defendant in the amount to be established that is

18  appropriate to punish each Defendant and deter others from engaging in such conduct.

19                      **ELEVENTH CAUSE OF ACTION**

20                          **Failure to Accommodate**

21                      **(Plaintiff against all Defendants)**

22      103.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

23      104.    Plaintiff, at all relevant times herein, has suffered from a qualifying disability.

24      105.    Defendants were aware of Plaintiff's disability, set forth in detail above, because

25  Plaintiff informed Defendants, and each of them, of his disability and his need for

26  accommodations.

27      106.    As detailed above, Defendants refused to accommodate Plaintiff's disability.

28      107.    Defendants terminated Plaintiff instead of accommodating his disabilities.

Page 15

COMPLAINT

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

108.   Defendants have an affirmative duty under FEHA to reasonably accommodate disabled workers.  Such duty arises regardless of whether the employee requested any accommodation.  FEHA entitles disabled employees to preferential consideration in reassignment of existing employees. (*Jensen v. Wells Fargo Bank* (2000) 85 Cal.App.4th 245)

109.   An employer must provide a reasonable accommodation for a known disability unless the accommodation would cause an undue hardship. (*See* Gov. C. §12940(m))  Failure to do so is an unlawful employment practice for which a damages action will lie. (*Baggatti v. Dept. of Rehab.* (2002) 97 Cal.App.4th 344, 367)  Case law places the burden on an employer that knows of the disability of an employee to affirmatively seek out possible accommodations for the disabled employee. (See *Prilliman v. United Airlines, Inc.* (1997) 53 Cal.App.4th 935)

110.   At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of his position or an alternate position if such reasonable accommodation had been made by Defendants.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendants' business.

111.   As a direct and legal result of Defendants' failure to accommodate Plaintiff's disabilities, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to his damage in an amount according to proof.

## TWELFTH CAUSE OF ACTION

### Failure to Engage in the Interactive Process

### (Plaintiff against all Defendants)

112.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

113.   Defendants did not engage in a timely good faith interactive process with Plaintiff to find an accommodation for Plaintiff's disability.

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

114.   Under FEHA it is a separately actionable unlawful employment practice for an employer to "fail to engage in a timely, good faith, interactive process with the employee . . . to determine effective reasonable accommodations." (Gov. Code §12940, subd.(n); also see *Wysinger v. Automobile Club of So.Calif.* (2007) 157 Cal.App.4th 413)  The interactive process "envisions an exchange between employer and employee where each seeks and shares information." (*Prilliman v. United Airlines, Inc.* (1997) 53 Cal.App.935, 949-950)  If the employer's failure to participate in good faith is what leads to a breakdown in the interactive process, liability should follow. (*Claudio v. Regents of the University of California* (2005) 134 Cal.App.4th 224, 245; *Hanson v. Lucky Stores, Inc.* (1999) 74 Cal.App.4th 215, 226)

115.   Plaintiff did not cause the breakdown of the interactive process with Defendants. Rather Defendants caused the breakdown in the interactive process with Plaintiff when they terminated him.

116.   As a direct and legal result of Defendants' failure to engage in a good faith, timely interactive process, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to his damage in an amount according to proof.

## PRAYER FOR RELIEF

Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

### As to the First Cause of Action

1.   That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by wilfully failing to pay all overtime wages due to Plaintiff;

2.   For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

3.   For pre-judgment interest on any unpaid overtime compensation commencing

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1450
LOS ANGELES, CALIFORNIA 90071

COMPLAINT

1    from the date such amounts were due;

2         4.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

3    California Labor Code § 1194(a); and,

4         5.    For such other and further relief as the Court may deem equitable and

5    appropriate.

6                        As to the Second and Third Causes of Action

7         6.    That the Court declare, adjudge and decree that Defendants violated California

8    Labor Code §§ 226.7 and 512 and applicable IWC Wage Orders by wilfully failing to provide

9    all meal periods and rest breaks to Plaintiff;

10        7.    That the Court make an award to the Plaintiff of one (1) hour of pay at his regular

11   rate of compensation for each workday that a meal period and rest break were not provided;

12        8.    For all actual, consequential, and incidental losses and damages, according to

13   proof;

14        9.    For premiums pursuant to California Labor Code § 226.7(b);

15        10.   For pre-judgment interest on any unpaid wages from the date such amounts were

16   due; and.

17        11.   For such other and further relief as the Court may deem equitable and

18   appropriate.

19                        As to the Fourth Cause of Action

20        12.   That the Court declare, adjudge and decree that Defendants violated California

21   Labor Code §§ 201, 202, and 203 by wilfully failing to pay all compensation owed at the time

22   of termination of the employment of Plaintiff;

23        13.   For all actual, consequential and incidental losses and damages, according to

24   proof;

25        14.   For statutory wage penalties pursuant to California Labor Code § 203;

26        15.   For pre-judgment interest on any unpaid wages from the date such amounts were

27   due; and,

28        16.   For such other and further relief as the Court may deem equitable and

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

COMPLAINT

appropriate.

As to the Fifth Cause of Action

17.     That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders as to Plaintiff, and wilfully failed to provide accurate itemized wage statements thereto;

18.     For all actual, consequential and incidental losses and damages, according to proof;

19.     For statutory penalties pursuant to California Labor Code § 226(e);

20.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g); and,

21.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Sixth Cause of Action

22.     That the Court declare, adjudge and decree that Defendants violated Labor Code §§ 1194 and 1197;

23.     For general unpaid wages and such general and special damages as may be appropriate;

24.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

25.     For liquidated damages;

26.     For reasonable attorneys' fees and for costs of suit incurred herein; and

27.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Seventh through Twelfth Causes of Action

28.     For special damages, including but not limited to, lost earnings, benefits and/or out-of-pocket expenses in an amount according to proof at the time of trial, all in an amount set forth above and/or according to proof at the time of trial;

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

Page 19
COMPLAINT

1    29.    For further special damages, including but not limited to, lost future earnings,

2    benefits and other prospective damages in an amount set forth above and/or according to proof

3    at the time of trial;

4    30.    For general damages in an amount set forth above and/or according to proof at

5    the time of trial;

6    31.    For punitive and exemplary damages in an amount according to proof at the time

7    of trial;

8    32.    For interest;

9    33.    For reasonable attorneys' fees;

10    34.    For costs of suit; and

11    35.    For such other and further relief as the Court may deem equitable and

12    appropriate.

13

14

15                                        Respectfully Submitted,

16    Dated: July 19, 2016                MATHEW & GEORGE

17

18

19                                        By:_____

20                                            Sang J Park

21                                        Attorneys for Plaintiff

22

23

24

25

26

27

28

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

COMPLAINT

1

## DEMAND FOR JURY TRIAL

2    Plaintiff hereby respectfully demands a jury trial.

3

4

5

6                                    Respectfully Submitted,

7    Dated: July 19, 2016            MATHEW & GEORGE

8

9

10                          By:_____
                                     Sang J Park
11
                                     Attorneys for Plaintiff
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT